

Villanova University School of Law

Villanova University School of Law Digital Repository

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2010

# In Re Jeffrey Prosser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re Jeffrey Prosser " (2010). *2010 Decisions.* Paper 904.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/904

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3894

In re: JEFFREY PROSSER,

Debtor

GREENLIGHT CAPITAL QUALIFIED, L.P.;
GREENLIGHT CAPITAL, L.P.;
GREENLIGHT CAPITAL OFFSHORE, LTD.,

Appellants

Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(Civ No. 08-cv-00093)
District Judge: Hon. Curtis V. Gomez, *Chief Judge*

Submitted pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKEE, *Chief Circuit Judge*, FUENTES, and
NYGAARD, *Circuit Judges*.

(Opinion filed: July 23, 2010)

OPINION

McKEE, *Chief Circuit Judge*.

　　Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital

Offshore, Ltd. (collectively "Greenlight) appeal an order of the district court affirming the

order of the bankruptcy court denying Greenlight's objection to a proof of claim filed by

1

Banco Popular de Puerto Rico ("BPPR").[1]

Inasmuch as the district court recited the factual background to this dispute in its Memorandum Opinion, we find it unnecessary to repeat that background here. *See In re Prosser*, 2008 WL 3979476 (D.V.I. Aug. 22, 2008). The gist of Greenlight's argument here is that, pursuant to V.I. CODE ANN. Title 9, § 39(c),[2] stock in the Virgin Islands Community Bank ("VICB") owned by Jeffrey Prosser, the debtor and a director of the VICB, was non-transferrable and therefore could not be held as collateral for BPPR's loan to Prosser. We disagree. As the district court noted, Section 39(c) speaks only to the qualification and regulation of bank directors. *Id*. at *3. Thus, the district court correctly held that "[n]othing in that section prevents the shareholder from using the stock as collateral to secure a loan." *Id*. at *2.

Accordingly, we will affirm substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.

---

[1] "An order allowing or disallowing a claim is a final, appealable order." *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006) (citing *In re Perry*, 391 F.3d 282, 285 (1st Cir. 2004).

[2] V.I. CODE ANN. Title 9, § 39(c) provides: "At least one-third of the total number of directors shall be bona fide residents of the United States Virgin Islands, and all shall be at least 21 years of age, and shall hold shares of the bank, subscribed in their name, of a par value of not less than $1,000 which shares shall be deposited in the bank while the said directors discharge their offices."